# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:12cv223

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                              )<br>           Plaintiff,                              )<br>                                                              )<br>           vs.                                           )<br>3338 BAT CAVE ROAD, OLD FORT,     )<br>MCDOWELL COUNTY, NORTH CAROLINA, )<br>as described in a Deed at Book 1067, page 662, )<br>McDowell County Registry, being said            )<br>real property, together with the residence,     )<br>and all appurtenances, improvements,          )<br>and attachments thereon,                            )<br>                                                              )<br>           Defendant.                            )<br>_____) | |

## PARTIAL JUDGMENT OF FORFEITURE

**THIS MATTER** is before the Court on the Plaintiff's Motion to Enter Summary Judgment and Dismiss Claims of Margaret Gilliam Lavender and Donald C. Lavender [Doc. 18].

## PROCEDURAL AND FACTUAL HISTORY

The Plaintiff initiated this action for civil *in rem* forfeiture on August 9, 2012. [Doc. 1]. In the Verified Complaint for Forfeiture *in Rem*, it is alleged that on November 29, 2011 agents of the North Carolina State Bureau of

1

Investigation (SBI) together with the McDowell County Drug Enforcement Unit (McDowell) made a controlled purchase of 3.2 grams of methamphetamine from Calvin Lavender (Calvin) at his residence located at 3338 Bat Cave Road, Old Fort, North Carolina. [Id. at 2]. On December 7, 2011, SBI agents together with McDowell made another controlled purchase of 14.2 grams of methamphetamine from Calvin at the same location. [Id.]. This scenario was repeated on five more occasions in December 2011 with all controlled purchases being from Calvin at that same location, his residence. [Id.].

On December 28, 2011, Calvin was arrested during a vehicular stop conducted by North Carolina State Highway Patrolman Andy Waycaster. [Id. at 3]. His arrest was based on outstanding North Carolina arrest warrants. [Id.]. During that stop, the law enforcement officer obtained Calvin's consent to search the vehicle and 15.2 grams of methamphetamine was discovered inside. [Id.].

On that same date, a search warrant was executed at Calvin's residence. [Id. at 4]. Methamphetamine in the amount of 28.8 grams was found inside Calvin's bedroom. [Id.]. During an interview on that date, Calvin admitted to agents that he used the money he made from selling

2

methamphetamine to improve his residence with such items as new flooring, paint, roofing materials and an outbuilding. [Id.].

The residence at issue, 3338 Bat Cave Road, Old Fort, North Carolina is titled in the names of Margaret and Donald Lavender (the Lavenders), husband and wife, through a quitclaim deed from Calvin dated March 28, 2012 and recorded at Book 1067, Page 662 of the McDowell County Registry. [Id.]. The quitclaim deed, therefore, was transferred after the above described events. It is undisputed that the Lavenders are the biological parents of Calvin, that Calvin resided alone at the residence and that the Lavenders have never resided there. [Id.].

In the Complaint, it is alleged that the real property is a thing of value furnished in exchange for controlled substances and the proceeds of controlled substances and has also been used to commit or facilitate the commission of drug trafficking crimes. [Id. at 5]. It is thus subject to forfeiture to the United States. 21 U.S.C. §881; 18 U.S.C. §981(f). It is also alleged in the Complaint that Calvin and the Lavenders are individuals identified as having a possible claim to the property. [Id.].

The Government has not shown that it sent personal notice to Calvin by certified mail, return receipt requested pursuant to Rule G(4)(b)(i) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The Government did provide notice by publication on the official internet government forfeiture site, [www.forfeiture.gov,](www.forfeiture.gov,) for at least thirty consecutive days pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. [Doc. 6; Doc. 6-1].

On September 24, 2012, the Lavenders filed a Verified Claim and on October 15, 2012, filed an Answer. [Doc. 5; Doc. 7]. They later amended their Answer. [Doc. 9]. In responses to interrogatories, they made admissions which show that their son transferred the property to them without consideration because he was about to be incarcerated and that they are not bona fide purchasers for value of the property. [Doc. 13; Doc. 16; Doc. 17].

## STANDARD OF REVIEW

> Under the Federal Rules of Civil Procedure, summary judgment shall be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, ... show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has observed, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material*

fact."

Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003), cert. denied 541 U.S. 1042, 124 S.Ct. 2171, 158 L.Ed.2d 732 (2004) (emphasis in original).

A genuine issue of fact exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), cert. denied 513 U.S. 814, 115 S.Ct. 68, 130 L.Ed.2d 24 (1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat, 346 F.3d at 522 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist. Id.

> A party opposing a properly supported motion for summary judgment
> 
> "may not rest upon the mere allegations or denial of [his] pleadings," but rather must "set forth specific facts showing that there is a genuine issue for trial." Furthermore, neither "[u]nsupported speculation," nor evidence that is "merely

5

colorable" or "not significantly probative," will suffice to defeat a motion for summary judgment; rather, if the adverse party fails to bring forth facts showing that "reasonable minds could differ" on a material point, then, regardless of "[a]ny proof or evidentiary requirements imposed by the substantive law," "summary judgment, if appropriate, shall be entered."

Id.

Nonetheless, in considering the facts for the purposes of a summary judgment motion, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### DISCUSSION

The Government has moved for summary judgment against the Lavenders.[1] The Lavenders have not filed any response to the pending motion and thus, have failed to carry their burden. Fed.R.Civ.P. 56. A review of the responses to the interrogatories shows that any such response would have been futile. The forecast of undisputed evidence and admissions of the Lavenders establish that the Government is entitled to Judgment as a matter of law as to any interest the Lavenders had in the subject real property.

---

[1] It has not moved for relief against Calvin.

# PARTIAL JUDGMENT OF FORFEITURE

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Plaintiff's Motion to Enter Summary Judgment and Dismiss Claims of Margaret Gilliam Lavender and Donald C. Lavender [Doc. 18] is hereby **GRANTED** and the Verified Claim and Amended Answer of the Lavenders are hereby **DISMISSED** and Partial Judgment of Forfeiture is hereby **ENTERED** in favor of the United States of America as to any and all claims of Margaret Gilliam Lavender and Donald C. Lavender in the subject property.

**IT IS FURTHER ORDERED** that no relief having been sought as to any other individuals or entities, none is given.

Signed: May 25, 2013

Martin Reidinger
United States District Judge